**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.**    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>WILLIAM SANDORF</u>
Plaintiff                            Case # _____
                                                          Judge _____

vs.
<u>MARY BRICKELL MANAGEMENT, LLC, SUNVIEW COMPANIES</u>
Defendant

    **II.**    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

    **III.**    **TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  <u>3</u>

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Alberto Naranjo</u>      Fla. Bar # <u>92923</u>
    Attorney or party          (Bar # if attorney)

<u>Alberto Naranjo</u>      <u>06/29/2022</u>
(type or print name)      Date

IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY FLORIDA

WILLIAM SANDORFF

    Plaintiff,

vs.      CASE NO.: 2022-012041-CA-01

MARY BRICKELL MANAGEMENT, LLC
and SUNVIEW COMPANIES D/B/A WEST
BRICKELL HOTEL, LLC

    Defendant.

## SUMMONS IN A CIVIL CASE

**TO:** MARY BRICKELL MANAGEMENT, LLC, through its Registered Agent:

Pedro Villar
1001 SW 2nd Ave 3rd Floor
Miami, FL 33130

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts    8/1/2022

CLERK    DATE

217043

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY FLORIDA

|  |  |
|---|---|
| WILLIAM SANDORFF<br><br>Plaintiff,<br><br>vs.<br><br>MARY BRICKELL MANAGEMENT, LLC<br>and SUNVIEW COMPANIES D/B/A WEST<br>BRICKELL HOTEL, LLC<br><br>Defendant. | CASE NO.: 2022-012041-CA-01 |

## SUMMONS IN A CIVIL CASE

**TO:** SUNVIEW COMPANIES D/B/A WEST BRICKELL HOTEL, LLC**,** through its Registered Agent:

Pedro Villar
1001 SW 2nd Ave 3rd Floor
Miami, FL 33130

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY:

Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Ln # 400 AN Law
Miami Lakes, FL 33016

an answer to the complaint, which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

8/1/2022

CLERK       DATE

217043

(BY) DEPUTY CLERK



Filing # 152458682 E-Filed 06/29/2022 04:56:35 PM

IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY FLORIDA

Case No.

WILLIAM SANDORFF,

    Plaintiff,

vs.

MARY BRICKELL MANAGEMENT,
LLC and SUNVIEW COMPANIES
D/B/A WEST BRICKELL HOTEL, LLC,

    Defendants.

_____/

## COMPLAINT

1. WILLIAM SANDORFF, ("Plaintiff"), brings this action against MARY BRICKELL MANAGEMENT, LLC and SUNVIEW COMPANIES D/B/A WEST BRICKELL HOTEL, LLC, ("Defendants") alleging as follows:

### JURY DEMAND

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

### PARTIES, VENUE, AND JURISDICTION

3. Plaintiff was at all relevant times hereto employed by Defendants. Plaintiff is over the age of 18 and is otherwise *sui juris*.

4. Defendants are employers within Miami-Dade County, which at all relevant times hereto violated Plaintiff's employment rights under, the Florida Civil Rights Act (FCRA), Title VII

of the Civil Rights Act (Title VII), and/or 42 U.S.C. § 1981 ("Section 1981"). Defendants are otherwise *sui juris*.

5. Venue is proper in Miami-Dade County because Defendants employed Plaintiff in the county, and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendants ("Parties") reside in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. All conditions precedent to the bringing of this action have occurred or been performed, i.e., a Charge of Discrimination was filed, a Right to Sue Letter issued, and a lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8. This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state, and/or local laws.

## COUNT 1
### Retaliation

### FCRA, Title VII and Section 1981

9. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

10. Defendants, despite having different names, operated as one entity, using employees interchangeably, and all entities controlled the terms and conditions of employment for all the same employees and/or Plaintiff.

11. At all relevant times, Plaintiff was an employee of Defendants.

12. At all relevant times, Plaintiff was and was qualified to work for Defendants.

13. At all times material hereto, Defendants failed to comply with the law, which provides, in relevant part, the employer may not take any retaliatory personnel action against an employee because the employee performed a protected activity and/or had a good-faith, objectionably reasonable belief for performing such protected activity.

14. Plaintiff started working for Defendants on December 27, 2019 and was terminated on November 18, 2020.

15. Plaintiff worked as a Director, assisting with Sales and Marketing.

16. Plaintiff was discriminated against due to his National Origin/Race, American Caucasian, i.e. his protected category.

17. Plaintiff was terminated by Allen Neira (Hispanic - Venezuela).

18. Plaintiff was the only employee in his position that was fired and was the only employee of his same National Origin/Race.

19. It's telling, that Plaintiff was terminated within months of complaining about discrimination to Alberto Ovadia (Hispanic - Venezuela), and later escalating complaints to upper management.

20. Plaintiff complained that Allen Neira (Hispanic from Venezuela) was excluding Plaintiff from meetings and employees would only speak Spanish which Plaintiff does not understand.

21. Plaintiff had no real notice of the termination as the only significant dissatisfaction ever expressed was with the race/color of customers Plaintiff brought to the hotel.

22. During Plaintiff's employment, he was able to increase Defendants ranking from worst to top 3 in almost every ranking from May to November.

23. The real reason Plaintiff was terminated was because of the discrimination complaint just months before.

24. Defendants did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.
25. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.
26. Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.
27. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.
28. Plaintiff hereby requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendants from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendants develop and implement new anti-discrimination/retaliation policies and procedures and/or from

disallowing Defendants' employees responsible for the actions against Plaintiff to return to Defendants property or work for Defendants; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT 2
## Discrimination – National Origin
## FCRA, Title VII and Section 1981

29. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.
30. Defendants, despite having different names, operated as one entity, using employees interchangeably, and all entities controlled the terms and conditions of employment for all the same employees and/or Plaintiff.
31. At all relevant times, Plaintiff was an employee of Defendants.
32. At all relevant times, Plaintiff was and was qualified to work for Defendants.
33. Plaintiff started working for Defendants on December 27, 2019 and was terminated on November 18, 2020.
34. Plaintiff worked as a Director, assisting with Sales and Marketing.
35. Plaintiff was discriminated against due to his National Origin, American, i.e. his protected category.
36. Plaintiff was terminated by Allen Neira (Hispanic - Venezuela).
37. Plaintiff was the only employee in his position that was fired and was the only employee of his same National Origin.

38. Plaintiff was being excluded from meetings by Allen Neira (Hispanic -Venezuela) and employees would only speak Spanish which Plaintiff does not understand.

39. Plaintiff had no real notice of the termination as the only significant dissatisfaction ever expressed was with the race/color of customers Plaintiff brought to the hotel.

40. During Plaintiff's employment, he was able to increase Defendants ranking from worst to top 3 in almost every ranking from May to November.

41. The real reason Plaintiff was terminated was because of his National Origin as there is no other truthful reason.

42. Plaintiff's protected category was the motivating factor for termination as there was no other reason for such action.

43. The causal link between Plaintiff's protected category and Defendants' actions by and through its employees; caused Defendants' harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendants' own employment policies; and/or Defendants took these adverse employment actions in substantial part because of Plaintiff's protected category.

44. Defendants did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

45. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

46. Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendants were

aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

47. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

48. Plaintiff hereby requests a jury trial.

49. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendants from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendants develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendants' employees responsible for the actions against Plaintiff to return to Defendants property or work for Defendants; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT 3
### Discrimination – Race

### FCRA, Title VII and Section 1981

50. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

51. Defendants, despite having different names, operated as one entity, using employees interchangeably, and all entities controlled the terms and conditions of employment for all the same employees and/or Plaintiff.

52. At all relevant times, Plaintiff was an employee of Defendants.

53. At all relevant times, Plaintiff was and was qualified to work for Defendants.

54. Plaintiff started working for Defendants on December 27, 2019 and was terminated on November 18, 2020.

55. Plaintiff worked as a Director, assisting with Sales and Marketing.

56. Plaintiff was discriminated against due to his Race, American Caucasian, i.e. his protected category.

57. Plaintiff was terminated by Allen Neira (Hispanic - Venezuela).

58. Plaintiff was the only employee in his position that was fired and was the only employee of the same Race.

59. Plaintiff was excluded from meetings by Allen Neira (Hispanic -Venezuela) and employees would only speak Spanish which Plaintiff does not understand.

60. Plaintiff had no real notice of the termination as the only significant dissatisfaction ever expressed was with the race/color of customers Plaintiff brought to the hotel.

61. During Plaintiff's employment, he was able to increase Defendants ranking from worst to top 3 in almost every ranking from May to November.

62. The real reason Plaintiff was terminated was because of his Race as there is no other truthful reason.

63. Plaintiff's protected category was the motivating factor for termination as there was no other reason for such action.

64. The causal link between Plaintiff's protected category and Defendants' actions by and through its employees; caused Defendants' harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendants' own employment policies; and/or Defendants took these adverse employment actions in substantial part because of Plaintiff's protected category.

65. Defendants did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

66. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

67. Defendants' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by the Defendants were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

68. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak

Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

69. Plaintiff hereby requests a jury trial.

70. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendants from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendants develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendants employees responsible for the actions against Plaintiff to return to Defendants property or work for Defendants; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendants' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Dated: June 24, 2022

Respectfully submitted,

/s/Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
Counsel for Plaintiff